## SAMUEL COOK v. THE CITIZENS NATIONAL BANK OF INDIANAPOLIS.

1. *Impeaching the Appointment of a Receiver.*—If such appointment is erroneous, but not void, it cannot be assailed in a collateral proceeding even by the parties.

2. *Effect of Appointment.*—The effect of appointing a receiver is to remove the possession of the property from the parties to the suit. If at the time a receiver is appointed, a party claiming a right in the same subject matter, under a title paramount to that under which the receiver is appointed, is in possession of the right which he claims, the appointment of a receiver leaves him in possession.

3. *Effect of Mere Order.*—The rule that the possession of a receiver may not be disturbed without leave does not apply, as far, at least, as third parties are con-

cerned, until a receiver has been actually appointed and is in actual possession. Until the appointment has been perfected and the receiver is actually in possession a creditor is not debarred from proceeding to execution. The order appointing a receiver is for the benefit of parties to the suit. It does not effect third parties until the appointment is completed and perfected. When this is the case, however, it does not matter that the order is imperfect or erroneous. It is not competent for any one to interfere with the possession of a receiver on the ground that the order appointing him ought not to have been made. It is enough that it be a subsisting order.

4. *Rents and Profits—Right of a Receiver.*—The rents and profits of the estate, over which a receiver has been appointed are, so far as respects parties to the suit bound from the date of the order for the appointment. A receiver is entitled to all the rents in arrear at the date of his appointment and to all the rents which accrue during the continuance of his receivership.

5. *Character of a Receiver.*—A receiver duly appointed by the court is, from the date of his appointment, an officer and representative of the court; but he is not legally clothed with that character, nor able to perform his duties until his recognizances are perfected.

6. *Appeal from Interlocutory Orders.*—The code allows an appeal from an interlocutory order for the payment of money; and an order for bringing of money into court is within the meaning of its provisions in this regard.

Filed May 23, 1881.

Appeal from Hendricks Circuit Court.

Hogate & Blake, for appellant, cited High on Receivers, 426–433; *Dickson* v. *County (Marion Su. Ct.)*; Jones on Mortgages, 431, as to appointment of receivers over mortgaged property. As to the wheat being personal property, *Northern* v. *State*, 1 Ind. 114; 4 Ind. 146. As to contempt in interfering with property in hands of receiver, High, 114; *Bank* v. *Richards*, 6 Thomp. & Co. 59. Appointment in vacation, *Newman* v. *Hamond*, 46 Ind. 119.

L. M. Campbell, for appellee, cited 45 Ind. 273; 43 Ind. 393; 42 Ind. 103; 10 Ind. 302; 11 Ind. 215; 14 Ind. 514; 16 Ind. 459, etc. As to questioning appointment or qualification of receiver collaterally, *Leach* v. *Cassidy*, 23 Ind. 449; 18 Ind. 327. That an appeal would not lie, *Wood* v. *Brewer*, 9 Ind. 861; *Fuller* v. *Adams*, 12 Ind. 559; 9 Ind. 238; 18 Ind. 284; 11 Ind. 313; 8 Ind. 377.

Opinion of the court by Mr. Justice Woods.

On the 10th day of June, 1878, the appellee obtained in the Hendricks Circuit Court a decree of foreclosure of a mortgage of real estate in said county, against Joseph L. Cook and wife, and Martin Kinkead, and in connection with the decree, an order

appointing James W. Thompson a receiver in said cause and directing him to take possession of said lands and receive and collect the rents and profits and hold the same subject to the order of said court to be applied upon the plaintiff's debt, if said lands should fail to sell for the full amount thereof. This decree was rendered upon default, after due service of process and in accordance with the prayer of the complaint.

On the 23d day of January, 1879, said Thompson, as receiver, made his report to said court under oath, showing an attempt on his part to take possession of said mortgaged lands and the growing crops thereon, consisting of wheat, just ready to cut, and growing corn, and that the defendant, Joseph L. Cook, had abandoned said land and crops, but that one Samuel Cook, in defiance of the receiver and the order of the court, refused to yield the possession of the wheat, but had cut and threshed and hauled the same out of the county, to the value of $160, one-half of which was due and belonging to said Joseph L. Cook. That said receiver had realized only nine dollars from the proceeds of said land, and that there is about $100 and interest due the plaintiff over the amount for which said land sold, and that there is no property or assets now to be had by the receiver. Wherefore he submits this report to the court for the direction and action of the court with reference to the interference of said Samuel Cook.

Wherefore, the court entered a rule against said Samuel Cook to show cause why he should not be punished as for contempt of said court and on January 29, 1879, said Cook filed a sworn answer, setting forth the said order of appointment of said receiver, the subsequent issue of a copy of said decree to the sheriff whereby on the 10th day of August, 1878, said real estate was sold; that said Thompson never qualified or gave bond as such receiver, nor was any copy of his appointment ever issued to him, showing his authority to act; that said Joseph L. Cook had in cultivation on said land about 18 or 20 acres of wheat which, on the 16th day of January, 1878, he mortgaged to Marion Porter by chattel mortgage, which was duly recorded on the 24th of January, 1878. That on or about May 30, 1878, said Joseph L. Cook left this State and moved to Kansas, turning said wheat over to said Porter under said mortgage. That affiant gathered said field of wheat, mentioned

in the report, but as the agent of said Porter, who was entitled to and had actual possession of said field by virtue of said mortgage, at the time he so harvested the same. That a few days before July 3, when affiant commenced to harvest said wheat, said Thompson came to affiant, where he was in his own field, and inquired concerning the field in controversy; and affiant notified him of his employment by Porter to cut said wheat, when said Thompson, without showing any authority, informed affiant that he was receiver to collect the rents and profits of said real estate, and was going to take half of said wheat, whereupon affiant told him, if he had any interest in said wheat to take and cut the same, and that he, affiant, would have nothing to do with it; that said Thompson then went away and returned no more, and affiant, under his employment from said Porter, cut said wheat and took care of the same as aforesaid. That at that time affiant had no actual notice that said Thompson had been appointed receiver as aforesaid, having only Thompson's statement to that effect. That the above conversation is the only thing done or said by him to the hinderance of said receiver, if he was such, in the discharge of his duties, and affiant says that he intended no contempt, etc., and he asks to be discharged. Thereupon the court ordered said Samuel to report the proceeds of the wheat mentioned in his answer to the court on or before the first day of the ensuing March term, to which order the appellant excepted at the time.

At the next term of the court, on the 11th day of March, 1879, the appellant, on oral examination, answered that the gross proceeds of said wheat were $198.75, but the net sum realized over the expense of cutting and marketing was $74.20. Thereupon the court ordered "that said Samuel Cook pay into court $74.20, together with the costs of this proceeding," to which order the appellant excepted and prayed an appeal therefrom, which appeal was duly perfected.

By the first to sixth assignments of error, inclusive, the appellant seeks to question the sufficiency of the complaint in the foreclosure suit to warrant the appointment of a receiver.

The appellant was not a party to that action, and cannot, in the prosecution of his appeal from the order made against him, be allowed to assign error on the record of the foreclosure suit. Whether

the action of the court in appointing a receiver was according to law, we need not decide. If the appointment was erroneous, it was not void, and cannot, in a collateral proceeding, be assailed, even by the parties thereto, and certainly not by strangers in the attitude of the appellant.

" The effect of the appointment of a receiver is to remove the parties to the suit from the possession of the property. If, at the time a receiver is appointed, a party claiming a right in the same subject-matter, under a title paramount to that under which the receiver is appointed, is in possession of the right which he claims, the appointment of the receiver leaves him in possession. " Pp. 158, 165.

" The rule that the possession of a receiver may not be disturbed without leave, does not, however, apply, as far, at least, as third parties are concerned, until a receiver has been actually appointed and is in actual possession. It is not enough that an order has been made directing the appointment of a receiver. Until the appointment has been perfected, and the receiver is actually in possession, a creditor is not debarred from proceeding to execution. The order appointing a receiver is for the benefit of parties to the suit. It does not affect third parties until the appointment is completed and perfected. " P. 168–9.

" It is immaterial," says Kerr on Receivers, p. 166, " that the order appointing a receiver may have been improper or erroneous. It is not competent for any one to interfere with the possession of a receiver on the ground that the order appointing him ought not to have been made. It is enough that it be a subsisting order."

Other assignments of error bring in question the rulings of the court in requiring the appellant to account for the proceeds of the wheat harvested by him, and in making the order for the payment of said sum of money into court.

In these respects the court was in error. The procedure was against the appellant for an alleged contempt of court in refusing to yield to the receiver, appointed by the court, possession of the wheat which stood, ready to be cut, on the mortgaged land, of which the receiver was directed to take possession. The answer of the appellant to the rule to show cause, besides denying that said

Thompson had qualified as receiver, showed that the appellant did not resist but rather encouraged the said Thompson to take possession, and that upon his failure to do so, the appellant under the employment of Porter, who had actual possession under his chattel mortgage made before the commencement of the foreclosure suit, and who was not a party to that suit, proceeded to harvest and market said wheat, intending no contempt of the court's authority.

Whether the order to bring the money into court was proper, conceding that the appellant was shown to have acted in contempt of the court's authority, we need not decide. On the facts stated the appellant was not in contempt.

From Kerr on Receivers we extract the following propositions, which we deem to be pertinent and accurate statements of the law:

"The rents and profits of the estate over which a receiver has been appointed are, as far as respects parties to the suit, bound from the date of the order for the appointment." P. 164.

"A receiver is entitled to all the rents in arrear at the date of his appointment, and to all the rents which accrue during the continuance of his receivership." P. 186.

"A receiver duly appointed by the court of chancery is, from the date of his appointment, an officer and representative of the court, but he is not legally clothed with that character, nor able to perform its duties until his recognizances are perfected." P. 157.

The appellee insists there was no final judgment from which an appeal could be had to this court; but by section 576 of the code an appeal is granted from an interlocutory order of the circuit court, "for the payment of money'; and it is settled that an order for the bringing of money into court, is within the meaning of the provision.

*McKnight* v. *Knisely*, 25 Ind. 336.

The judgment is reversed with costs, and with instruction to set aside the orders requiring the appellant to account for and bring into court the proceeds of the sale of the wheat, and further proceedings in accordance with the law.