## Shaner et al. *v.* Williams et al.

[No. 25,652.   Filed February 4, 1932.]

*Long & Yarlott,* for appellants.
*York & Rees,* for appellees.

Travis, C. J.—This is an appeal from an order appointing a receiver for certain personal property in which the appellee Leap was alleged to have some interest. The complaint alleged that appellee Leap sold to appellee Williams a team of horses for the sum of $350; that appellee Williams had paid in full for the horses; that, when appellee Williams went to get the horses, he found that the appellants had taken possession of them under a claim of title, and refused to deliver them to appellee Williams; that appellee Leap resided on the farm of appellants in Miami County, Indiana, and was the owner of an undivided one-half interest in certain property thereon, including live stock, grain and machinery; that appellants had taken possession of said property without right and were threatening to sell the same for the purpose of defrauding the creditors of appellee Leap; that appellee Leap was insolvent and was indebted to numerous other persons besides appellee Williams;

that the crops were in need of attention. There was then a prayer that appellee Williams be given judgment against appellee Leap for $500, and that a receiver be appointed to conserve property described, sell the same and distribute the proceeds among the creditors of Leap. The complaint was not verified.

A hearing on the application for a receiver was heard by the judge in vacation after due notice had been served on all defendants. Appellee Leap failed to appear at this hearing, but appellants appeared and resisted the appointment of a receiver.

There was no conflict in the evidence introduced at the hearing on any point, and it was substantially to the effect that appellants owned 160 acres of farm land in Miami County, Indiana, and leased the same to appellee Leap in 1928, under the usual partnership agreement of sharing in all crops and live stock. Later, Leap borrowed from appellants $1,900 and gave appellants as security a chattel mortgage to all his interest in the stock, grain and implements on the farm. Still later, the appellants advanced a further sum for Leap, amounting to $800, and in consideration for this, Leap transferred to appellants all his interest in the mortgaged property.

About the middle of July, 1928, appellants happened to be on their farm at a time when Leap was talking to a man named Walters, an agent of appellee Williams, concerning the sale to Williams of one of the teams on the farm. Appellants told Walters at the time that the horses were not for sale. On July 20, 1928, Leap purported to sell to the same Walters, acting for appellee Williams, the team for $350. Walters paid $25 in cash, and, on the next day, Leap went to appellee Williams and said he must have the balance of the purchase price immediately, and that Williams could get the horses on the following Monday. Williams thereupon paid to Leap

the balance, amounting to $325. Leap returned home, told his wife what he had done, and that he was going away, which he did. Mrs. Leap thereupon went to the appellants and told them what had been done, and that appellee Williams would come for the horses on Monday. Appellants went to the farm and removed the horses, later telling appellee Williams that Leap had no right to sell the horses, and that they were owned by appellants. Appellee Williams then brought this action.

Upon the evidence as related above, the court appointed a receiver, and ordered, viz, "which receiver is to take charge of all of said property, handle, manage, conserve and protect all in accordance with the order of this court and any further order of this court." The property of which the receiver was to take charge was listed in the order, and included not only the horses alleged to have been purchased by appellee Williams but also all the crops growing on the farm, the implements and all live stock, in which appellee Williams claimed no interest whatsoever.

Appellants assign as error the order of the court appointing the receiver.

There was no proof of fraud, or intent to defraud, nor that the plaintiff had a lien of any kind on any of the property over which the receiver was appointed which plaintiff was seeking to foreclose or protect. The debt sued upon was one of an individual, not a partnership or a corporation. There was no proof that the property was being wasted by appellants or by appellee Leap; and, on the contrary, appellants testified that they had secured another man to operate the farm; that the assets were being well taken care of; and that a strict account was being kept of all sales of any property. Under these facts, the court was without jurisdiction to appoint a receiver. *Steele* v. *Aspy, Admr.* (1891), 128 Ind. 367, 27 N. E. 739; *State* v. *Union National Bank* (1896), 145

Ind. 537, 44 N. E. 585, 57 Am. St. 209; *State, ex rel.,* v. *Superior Court* (1924), 195 Ind. 174, 144 N. E. 747; *Slow* v. *Ohio Valley Roofing Co.* (1926), 198 Ind. 190, 152 N. E. 820.

The judgment is reversed, with directions to set aside the order appointing a receiver, and for further proceedings not inconsistent with this opinion.