STATE EX REL. LINDSEY *v*. BEAVERS

[No. 28,383.   Filed December 2, 1947.]

*Thomas W. Lindsey,* of Evansville, and *Leslie H. Hendrickson,* of Boonville, for relator.

*Roberts & Kiegel, Robert D. Markel,* and *W. S. Furlow,* all of Evansville, for respondent.

STARR, J.—This is an original action in this court for a writ of mandate requiring the respondent to grant a change of venue from the county.

This application for a change of venue was made in a civil suit wherein relator is plaintiff and respondent is acting as special judge. The affidavit for the change was in due form and on the ground that an odium attaches to the applicant's cause of action on account of local prejudice. The change was denied. This suit was filed and is now pending in the Spencer Circuit Court and is numbered cause 3704 of that court.

On the filing of the present action an alternative writ issued, commanding the respondent to set aside his ruling on the motion for a change of venue and grant the change or show cause why it should not be done.

Respondent has filed his return in which he first questions the sufficiency of relator's petition. We are of the opinion the petition is sufficient to present the question whether relator is entitled to the change of venue for which he has applied.

Said response also asks us to strike relator's brief from the files because of claimed scurrilous matters therein contained. We do not approve of that portion of relator's brief complained of but due to the fact that his petition and brief do show that he has a clear right to relief we have chosen to ignore these matters.

Respondent further answering and to justify his refusal to grant this change of venue stated as his sole

ground that on April 8, 1943, relator filed a prior action in the county wherein his present suit was filed and is now pending; that in said cause relator applied for and was granted a change of venue which he perfected; whereupon said cause was duly venued to the Dubois Circuit Court; that relator prior to the bringing of the present suit wherein he has filed said affidavit for a change of venue, dismissed said suit which he had caused to be venued to the Dubois Circuit Court; respondent further alleges that the suit which relator dismissed involved the same state of facts and is the same cause of action as that involved in the present suit.

Respondent in his brief cites our statute which provides: "Only one change of venue shall be granted to the same party from the county and only one from the Judge." § 2-1407, Burns' 1946 Replacement. He contends that the facts set out in his response bring this case within this statute and as authority for this contention calls our attention to the opinion of Judge Henley in the case of *Citizens St. R. Co.* v. *Shephard* (1901), 29 Ind. App. 412, 62 N. E. 300. In that case Judge Henley stated that the filing by the plaintiff of an affidavit for and the granting of a change of venue in a cause which change is not perfected and the case is later dismissed by the plaintiff precludes the granting of his motion for a change of venue in a new case filed by him in the same county for the identical cause of action originally sued on by him in the case which was dismissed.

The discussion of this subject so far as the majority opinion is concerned was *dictum* and the view expressed by Judge Henley and concurred in by Judge Wiley was a minority view.

We refuse to be persuaded by the foregoing view of Judge Henley. Rather we agree with what was said by Judge Roby on this point in his concurring opinion in said cause. In that opinion he points out that our change of venue statute § 2-1401, Burns' 1946 Replacement, which was then in force, applies to any civil action and is mandatory and admits of no construction. He then points out that said § 2-1407, Burns' 1946 Replacement, above set out, and which was then in force, merely limits § 2-1401, *supra,* to one change in each civil action. We also agree with Judge Roby that the only penalty for failure to prosecute a civil suit to a conclusion is the payment of costs and if another civil action is begun one change of venue from the county is allowed.

Where the motion and affidavit for a change are in due form it is the duty of the trial court to grant the change as the statute is imperative. *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879. In granting such change the court acts in a ministerial capacity and does not exercise discretion and if the court refuses to grant the change this court may mandate him so to do. *State, ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776.

This court is of the opinion that the respondent erred in not granting the relator a change of venue from the county.

The alternative mandate is made absolute and the respondent, the Honorable Addison M. Beavers, Special Judge of the Spencer Circuit Court in cause number 3704 now pending in said court, is hereby directed to grant relator's application for a change of venue from the county.

NOTE.—Reported in 75 N. E. (2d) 660.