STATE EX REL. PANCOL, RECEIVER ETC. ET AL. *v.* CLEVE-
LAND, JUDGE ETC. ET AL.

[No. 30,002.  Filed January 16, 1961.]

*John D. Raikos,* of Indianapolis, for relators.

*Arthur A. Beckman, C. D. Rotruck* and *Billie W. C. Schuyler,* all of Anderson, for respondents.

BOBBITT, C. J.—Relator, Sophia Pancol, was, on February 1, 1958, appointed and qualified as receiver in a suit on account and for the appointment of a receiver and a temporary restraining order, without notice, entitled "Harold W. Koehler, d/b/a Koehler's Wholesale Restaurant Supply, on behalf of himself and all other Creditors similarly situated, Plaintiff vs. Michael Chillo, Carmen Nobile, Individually and as a partnership d/b/a C. and M. New Yorker Diner, also d/b/a New York Diner, Henry Strys, John Doe and Richard Roe, whose Christian names are unknown, d/b/a National Sales Company, A New Jersey partnership, Walter Diskey d/b/a Diskey Sign Company, Defendants," and being Cause No. S-58-43 in the Superior Court of Madison County, and ordered "to take charge of the property, assets, leases, accounts, notes, bills receivable, choses in action and all of the property of any and every kind of said 'New York Diner' or 'New Yorker Diner' used by said 'New York Diner' at 1702 East 22nd Street, Anderson, Indiana, and to reduce the same to his possession and to collect all outstanding accounts, bills receivable, choses in action and to bring suit to recover the same in his own name as such receiver, and to pay the debts of said Partnership or joint venture so far as he may realize upon the assets hereof, all in accordance with the orders of this Court to be made."

Relator-Pancol, as such receiver, took possession of the "Diner" and proceeded to operate the business. On December 18, 1958, relator-receiver filed her petition to surrender personal property and to file final report, stating therein that she had reduced all of the assets of the business being operated as "New Yorker Diner" to her possession, that she was unable to find a purchaser for the Diner or such parts thereof as could be sold on conditional sales contract and, therefore, could not realize any equity therefrom, that it would be in the best interests of the receivership estate to surrender all of the personal property held under title retention to the respective owners thereof, and that Walter Diskey and O. C. Bryan be required to pursue such rights as they may have against the real estate.

On March 25, 1959, a complaint on note and for foreclosure of mortgage was filed in respondent-court, Superior Court of Madison County, No. 2, in an action entitled, "Anderson Federal Savings and Loan Association, [Plaintiff] vs. Henry Strys, Irvin Pugsley, Anna Pugsley, [Defendants]," being Cause No. 2S-59-85 in such court. This action demands judgment for the amount of the note due and for foreclosure of a mortgage covering the property described in the complaint in Cause No. S-58-43, in the Madison Superior Court and hereinabove mentioned, and owned by defendant-Strys, and for the appointment of a receiver "for said real estate."

On petition duly filed therefor a receiver was appointed by respondent-court of the real estate involved herein "together with all buildings and structures thereon and all appurtenances thereunto belonging," and to take possession thereof and to preserve the same.

Relators herein seek a writ of mandate and prohibition commanding respondent-court to vacate his order

appointing a receiver and to transfer Cause No. 2S-59-85, now pending in respondent-court, to the Superior Court of Madison County, and to prohibit respondents from exercising further jurisdiction in such cause. We issued a temporary writ.

The Superior Court of Madison County, and the Superior Court of Madison County, No. 2, are courts of equal and concurrent jurisdiction[1] in all civil cases.

Relators contend that all of the assets against which the mortgage foreclosure is directed are in possession of receiver-Pancol under authority of her appointment as receiver by relator-court and in the custody of relator-Superior Court of Madison County.

Relator-Superior Court of Madison County, further contends that having acquired jurisdiction of the subject-matter its power continues to final disposition and no other court of coordinate jurisdiction has authority to interfere; and, therefore, any action involving the property covered by the mortgage should be filed in Cause No. S-58-43, in the Superior Court of Madison County.

Respondents assert in their return that relator-court did not acquire jurisdiction of the real estate involved herein and that the receiver was appointed by the Superior Court of Madison County only for the purpose of taking possession of the personal property and assets of the partnership and operating the business thereof, and did not take legal custody of the real estate owned by Strys.

Respondents further assert that relator-court surrendered any jurisdiction it allegedly had over such real estate when it entered the order of December 18,

---

1. See: Burns' 1946 Replacement, §§4-1301—4-1310; and Burns' 1960 Cum. Supp., §§4-1341—4-1343, for scope of jurisdiction.

1958, directing the receiver to surrender the real estate to Strys.

We first consider whether or not receiver-Pancol acquired legal custody of the real estate described in the complaint herein.

In Indiana receivers are given the power, by statute, "to bring and defend actions, to take and keep possession of the property, to receive rents, collect debts, in his own name, and generally to do such acts respecting the property, as the court or the judge thereof may authorize." Acts 1881 (Spec. Sess.), ch. 38, §251, p. 240, being §3-2613, Burns' 1946 Replacement.

As a general rule, a receiver has only such powers are are conferred by the statute and the order of the court under which he is appointed.

Also, as a general rule, "a receiver ordinarily takes all the property of the debtor which constitutes the subject of the action and is within the jurisdiction of the court, but he does not take property not involved in the action or not included in an order designating the particular property of which the receiver is to have charge." 24 I. L. E., Receivers, §43, p. 493; *Federal Crude Oil Co.* v. *Yount-Lee Oil Co.* (1934), (Tex. Civ. App.), 73 S. W. 2d 969, 973, (Cert. denied (1935), 295 U. S. 741, 79 L. Ed. 1687, 55 S. Ct. 655) ; 75 C. J. S., Receivers, §108, p. 749.

A receiver has no right to property which does not belong to the debtor for whose property he is the receiver. *Lamb, Receiver* v. *Morris* (1889), 118 Ind. 179, 20 N. E. 746, 4 L. R. A. 111; *Federal Crude Oil Co.* v. *Yount-Lee Oil Co., supra.*

Parts of the complaint in Cause No. S-58-43, which are pertinent to the question here in issue, are as follows:

"Paragraph One.

.    .    .    .    .

"1.  That the Defendants, Michael Chillo and Carmen Nobile, jointly and/or severally, were at all times herein mentioned operating a diner under the firm name and style of 'New York Diner,' 'New Yorker Diner,' and 'C. and M. New Yorker Diner,' the exact name of which is unknown, that said diner was and is now operated at 1702 East 22nd Street in the City of Anderson, County of Madison, State of Indiana; . . .

"2.  That said Defendants are indebted to Plaintiff in the sum of Two Thousand Two Hundred Nine Dollars and Eighty-Two Cents ($2209.82) for goods, wares, restaurant supplies, food and other merchandise sold, furnished and delivered by Plaintiff to Defendants at said Defendants special instance and request, a bill of particulars of which is attached hereto identified as Exhibit 'A' and incorporated herein and made a part hereof."

The prayer of Paragraph One of the complaint "demands judgment in the sum of Two Thousand Two Hundred Nine Dollars and Eighty-Two Cents ($2209.82) from and against the Defendants, Michael Chillo and Carmen Nobile, d/b/a 'New York Diner' howsoever doing business, interest at the rate of six per cent (6%) per annum to date of judgment; for the costs of this action and for all other necessary and proper relief in the premises."

Paragraph Two of the complaint incorporates all of Paragraph One including the prayer thereof and alleges, in pertinent part, as follows:

"Paragraph Two.

.    .    .    .    .

"2.  That the Defendants, Michael Chillo and Carmen Nobile, individually or jointly, are now, insofar as Plaintiff can determine, and were at all times herein mentioned, operating a certain Diner as a partnership or joint venture, and trading

under the firm name and style of 'New York Diner', or 'New Yorker Diner' at 1702 East 22nd St. in the City of Anderson, County of Madison, State of Indiana.

"3. That said Defendants, Michael Chillo and Carmen Nobile, purchased said Diner on or about August 27, 1957, from one, 'Mountain View Diners, Inc.' under conditional sales agreement, . . .

"4. That the Defendants, Henry Strys is, so far as Plaintiff can determine, the owner in fee simple absolute of the real estate generally desribed as 1702 East 22nd St., Anderson, Indiana, upon which said Diner is situated, that the legal description of said real estate is as follows, to wit:

"Lot Numbered One (1) in Gilmore Ferndale Addition, a subdivision of Anderson Township, in Madison County, commonly known as 1702 East 22nd Street, Anderson, Indiana.

. . . . .

"12. That said Diner is portable personal property and unless restrained, Defendants or any of them may remove the same beyond the jurisdiction of the Court in further fraud of Plaintiff and other creditors."

The prayer of Paragraph Two demands, *inter alia,* judgment for the amount due, costs of the action, and "[t]hat a receiver be appointed without notice to take charge of and conserve all of the assets of said Diner until further order of this Court."

The order of relator-court in Cause No. S-58-43 provides, in pertinent part, that the receiver, Sophia Pancol, is appointed "to take charge of the property, assets, leases, accounts, notes, bills receivable, choses in action and all of the property of any and every kind of said 'New York Diner' or 'New Yorker Diner' used by said 'New York Diner' at 1702 East 22nd Street, Anderson, Indiana, and to reduce the same to his possession and to collect all outstanding accounts, bills

receivable, choses in action and to bring suit to recover the same in his own name as such receiver, and to pay the debts of said Partnership or joint venture so far as he may realize upon the assets hereof, all in accordance with the orders of this Court to be made."

Such order further provides that the defendants, Michael Chillo, Carmen Nobile, Henry Strys and John Doe and Richard Roe, d/b/a National Sales Company, be restrained and enjoined from removing the Diner from its present location, and from dissipating or disposing of any property of said "New York Diner" until further order of the court.

It seems clear to us from the foregoing, as shown by the record before us, that the real estate described in the complaint and alleged therein to be the absolute property of defendant-Strys was not involved in the action for receiver and is not included in the order designating the particular property of which the receiver, relator herein, was to have charge. It is neither alleged nor contended here that such real estate belonged to defendants, Michael Chillo and Carmen Nobile, d/b/a "New York Diner, howsoever doing business" or that they had any interest in the fee of such real estate; and it is not designated in the order appointing the receiver as a part of the particular property of which he was to take charge. Under such circumstances it is our judgment that relator-court did not acquire jurisdiction of such real estate and no legal custody thereof was conferred upon the relator-receiver.

Since the receiver did not acquire legal custody of such real estate we know of no reason why another court—respondent herein—could not assume jurisdiction thereof in a proper action for the foreclosure of a mortgage thereon.

This action, under the record here, is not one where a court of coordinate jurisdiction attempts to assume jurisdiction in a matter of which another court has previously acquired jurisdiction. Hence, the authorities cited by relators on this subject are not applicable here.

As appears from the record the relator-court, Superior Court of Madison County, assumed jurisdiction of the Diner and the receiver took possession thereof; and respondent-court, Superior Court of Madison County, No. 2, in its order of foreclosure found that the Diner was a part of the real estate. The determination of the legal status of the Diner is not a question of jurisdiction and is not an issue before us in the present case. Even if it were, the record here is insufficient for a proper determination of the question.

Because of the conclusion which we have reached, it is not necessary to decide whether or not relator-court surrendered its alleged jurisdiction when it entered its order directing the receiver to surrender the real estate.

For the foregoing reasons the alternative writ heretofore issued is dissolved, and a permanent writ denied.

Arterburn and Jackson, JJ., concur.

Landis, J., concurs in result.

Achor, J., not participating.

NOTE.—Reported in 171 N. E. 2d 255.