STATE EX REL. MAKAR *v*. ST. JOSEPH COUNTY
CIRCUIT COURT, NYIKOS, JUDGE.

[No. 30,163. Filed January 9, 1962.]

*Joseph C. Anderson,* of South Bend, for relator.

*Isadore D. Rosenfeld,* of South Bend, for respondent.

ACHOR, C. J.—The relator has filed a verified petition for alternative writ of mandate and prohibition. This court issued a temporary writ.

In response to the temporary writ, the respondent has filed a motion to dismiss for the reason that the petition allegedly failed to comply with Rules 2-35 and 2-37 of this court in the following particulars: (a) It does not contain any certified copies of the entries entered by the court in this cause; (b) it does not contain certified copies of all the pleadings and orders pertaining to the subject matter; (c) it does not show that a written motion had previously been filed attacking the want or excess of jurisdiction of the trial court, which motion had been denied or not promptly acted upon; (d) that said writ is brought in the name of the State of Indiana on Relation of Edward F. Makar, whereas the defendants in the initial action were Edward F. Makar and Mary F. Makar and the receivership was granted as against both Edward F. Makar and Mary F. Makar; (e) that relator failed to comply with Rule 2-37, *supra*, in that he failed to serve or furnish any brief on respondent.

Respondent correctly cites the fact that Rule 2-35, *supra*, provides:

"If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto."

By way of reply to respondent's answer, relator acknowledged the fact that his petition is not accompanied by certified copies of *all* pleadings, orders and entries in the proceedings of this case. However, he asserts that his petition is accompanied by all the pleadings and orders *which are material* to his right

to the mandatory relief which he seeks, and that in this he has made a good faith effort to comply with the rule.

It is required under Rule 2-35 that a petitioner make a good faith effort to set forth all those parts of the record *which are essential to the presentation of the issue placed before the court.* *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3, 7; *State ex rel. Zilky* v. *Lake Superior Court* (1961), 242 Ind. 128, 175 N. E. 2d 9, 10; *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 216, 84 N. E. 2d 585, 587; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254, 257.

We therefore examine the record with respect to the alleged deficiencies cited by respondent to determine whether relator has made a good faith effort to set forth the essential portions of the record for the purpose of presenting the issue raised in this proceedings.

On June 15, 1961 the court, pursuant to an action to foreclose a chattel mortgage and under specific authority of said mortgage, appointed a special receiver with authority to "take into possession said chattel mortgage property, have it appraised, issue order for sale, and sell either at private or public sale. . . ." Relator's Exhibit "B". Thereafter, on June 28, the court upon petition of the receiver purported to enlarge the authority of the receiver to conduct the several businesses of the mortgagor located in the same building. The action was taken without notice and with no cause therefore being alleged, except that "[I]t is necessary in the best interests of the estate that the business of the defendants be conducted until further order of this Court, . . ." Relator's Exhibit "D".

In this action relator asks this court to mandate the respondent to vacate the order by which he purportedly enlarged the authority of the receiver so as to permit him to take charge of and operate the businesses owned by the relator. Attached to his petition, the relator has set forth certified copies of the pleadings filed in the case and the orders signed by the respondent judge in said cause *prior to and including* the purported enlargement of the authority of the receiver to that of a general receiver. Under ordinary circumstances such record would be sufficient to demonstrate that the respondent court did or did not have authority to appoint such general receiver.

The record is deficient in one particular. It does not include a copy of the order book entries showing that the orders signed by the court and certified by the clerk were entered of record. Respondent asserts that failure to include such entries is fatal to relator's petition. The respondent in support of this argument cites the case of *Cook* v. *State* (1941), 219 Ind. 234, 238, 37 N. E. 2d 63, 65, in which this court stated: "The court speaks by its record, which is the order book." The validity of the above statement is not controverted. However, it must be construed in the light of the facts to which it is made to apply. In the above cited case *there was a dispute* regarding the proceedings which were actually had in the trial court. Under such circumstances this court will, of course, look to the record as set forth in the order book to determine the verity of the proceedings in dispute.

However, in the case before us, there is no dispute regarding the record to and including the order in controversy. The orders of the court are signed by the judge and certified to by the clerk of the court and it is not contended that the

orders of the court as entered in the order book are otherwise. Therefore, although it is much preferred that the relator, where possible,[1] provide us with a certified copy of the order book entries, a certified copy of the pleadings and orders of the court will be accepted as constituting a substantial compliance with Rule 2-35, *supra,* where, as here, the verity of such pleadings and orders is not in issue. Here the omission was not material to the substantial rights of the parties and therefore it should not be permitted to bar the relator from an opportunity to present his action in this case.[2]

Relator has cited numerous cases in which this court has said that compliance with Rule 2-35 is mandatory. However, each of the cases cited must be distinguished in that the omitted record was material to the determination of the issue before the court. See: *State ex rel. American Fletcher etc.* v. *Lake S. Ct., supra; State ex rel. Zilky* v. *Lake Superior Court, supra.*

We next consider respondent's contention that the petition must be denied because no written motion was first filed attacking the want or excess of jurisdiction of the trial court, which motion had been denied or not promptly acted upon, all as required by Rule 2-35. This allegation is not sustained by the record. Relator filed an amended counter-affidavit and motion to vacate the order authorizing

---

1. We judicially know that often the order book entries are not made by the clerk for several days after the proceedings in court are actually had. Under such circumstances they are not always available.

2. "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect." Acts 1881 (Spec. Sess.) ch. 38, §137, p. 240 [§2-1071, Burns' 1946 Repl.].

the receiver to conduct business, and for appropriate relief, which pleading expressly alleged: "[T]he order herein complained of was entered beyond the jurisdiction of the court and is therefore null and void." Relator's Ex. "L", p. 2. The motion had been pending before the respondent for 33 days without action prior to the filing of this action on October 23, 1961.

We next consider respondent's contention that the writ be dismissed because the action is brought solely on relation of Edward F. Makar, whereas the defendants in the initial action in which the receiver was appointed were Edward F. Makar and Mary F. Makar. This contention is also without merit. Although the note sued upon was executed by both of the above named parties, the chattel mortgage, which was the only legal basis for the appointment of a receiver, was executed by Edward F. Makar. In any event, if the court was without jurisdiction to make the order appointing a general receiver for the property of either or both Edward F. Makar and Mary F. Makar, either party being aggrieved could prosecute this action in mandamus to confine the court to its lawful authority.

Finally, as cause for dismissal, respondent asserts that the relator failed to comply with Rule 2-37, *supra*, in that relator failed to serve or furnish any brief upon respondent. This contention is also without merit. Rule 2-37 merely provides that briefs need not conform to the requirements of Rule 2-19. Therefore, failure to serve copies of briefs in this case was not jurisdictional, under present rules of this court.

We therefore consider the case on its merits. As heretofore indicated, the original proceedings were commenced by a complaint filed by the National Bank

and Trust Company of South Bend against Edward F. Makar and Mary F. Makar on a note and for the foreclosure of a chattel mortgage. The note was signed by both parties but the chattel mortgage was executed solely by the relator, Edward F. Makar. The chattel property was located in two businesses operated by the relator. They were known as the Palais Royale Lanes, which is a bowling alley, and the Surf Club, which is a dance hall located within the same building. There is also a third business located within the same building and owned solely by the relator, known as the Palais D'Or. This is a restaurant and tavern. Relator had sold a one-fifth interest in the bowling alley to a partner. The court order which is the subject of this action purported to authorize the receiver to take charge of and operate all of these businesses.

The authority of a court to appoint a receiver exists by statute. No such right existed under the common law. The appointment of a receiver is an extraordinary equitable remedy. The action affects one of man's most cherished and sacred rights guaranteed by the United States Constitution[3] —the right to be secure in his property. This right is fundamental to every society in which men are free. For these reasons the statute which grants such authority is to be strictly construed. Acts 1881 (Spec. Sess.) ch. 38, §245, p. 240 [§3-2601, Burns' 1946 Repl.], enumerates the conditions under which a receiver may be appointed. In construing this statute our courts have consistently held that the statute does

3. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U. S. Const. amend. IV.

not authorize the appointment of a receiver for a sole proprietor or partnership except upon showing of fraud with respect to a transaction involving particular property; or where there is danger of waste or loss of the property, which cannot be safeguarded by a restraining order; in actions between partners; or under circumstances where a creditor holds a lien or claim on particular property and there is imminent danger that the lien will be impaired. Under such circumstances a receiver may be appointed to take charge of the property involved for the purpose of protecting or preserving the same until it can be sold or returned to the rightful owner. In no event does the law contemplate that in an action for the foreclosure of a chattel mortgage upon a specific property (not including a business as a going concern) a court may appoint a general receiver to take charge of all the assets of an individual proprietor and operate his business or businesses for the benefit of general unsecured creditors in the absence of extraordinary circumstances, which extraordinary circumstances do not appear in this case. *Shaner* v. *Williams* (1932), 203 Ind. 225, 179 N. E. 541; *Slow* v. *Ohio Valley Roofing Co.* (1926), 198 Ind. 190, 152 N. E. 820; *State* v. *Union Nat'l Bank of Muncie* (1896), 145 Ind. 537, 44 N. E. 585; Annot., 109 A. L. R. 279 (1937). An order purporting to invest such a receiver with undefined authority to operate said business "until further order of court," was a nullity.

Respondent in support of his action asserts that the relator consented to the purported enlargement of authority of the receiver; that thereafter he consented to the borrowing of money by the receiver, and that the partner of the relator (pursuant to an order of court) subsequently filed a cross-complaint

in which he consented to the appointment of the general receiver to operate the businesses of the relator.

We first consider the issue of relator's purported consent of the enlargement of the authority of the receiver. In his petition to this court he denies such consent. Respondent does not set forth any pleading or other record indicating that either the relator or his attorney consented to such enlargement of the authority of the receiver, nor is there any finding by the court as to such a consent. Assuming arguendo that it were possible for a debtor by mere consent to authorize the appointment of a general receiver to operate his business to the detriment of his secured creditors,[4] such a consent does not appear of record in this case. It is under a circumstance such as this, where the facts necessary to support a proceedings are themselves in dispute, that this court must be furnished and is governed by the record in the trial court.

We next consider the effect of the "consent" to borrow money which was mentioned above. As stated, this "consent" was signed *after* the receiver had taken charge of and was operating all of relator's businesses, including the tavern and dance hall known as the Palais D'Or and the Surf Club. A "consent" for the receiver to borrow money with which to operate such businesses *after* he had already taken charge thereof under order of the court would not give validity to the prior order which purportedly authorized the receiver to take charge of and operate

---

4. The procedure which must be followed in a proceedings for an assignment for the benefit of creditors is specifically prescribed by Acts 1929, ch. 217, §1, p. 799 [§17-101, Burns' 1950 Repl.].

such businesses, if such purported authorization was void ab initio.[5]

We next consider the fact that, on September 15, 1961, Roman Trzaskowski, relator's partner in the bowling alley, filed a cross-complaint against the relator in which he alleged that he was the owner of a 20 per cent interest of that business (Palais Royale Lanes) and requested that the general receiver heretofore appointed be approved. It is contended first that relator's petition is fatally defective for the reason that it does not contain a certified copy of this cross-complaint of the partner and, further, that by reason of the cross-complaint of the partner the appointment of the general receiver is validated. Neither of the above contentions can be maintained. Even though the action by the partner may have contained such allegations as to justify the appointment of a general receiver to take charge of and operate the business (Palais Royale Lanes) of which he was a partner, this fact would not authorize the appointment of a general receiver to take charge of *all* of relator's businesses within the building, unless some extraordinary facts existed which are not here asserted by the respondent. Since the action by the partner, subsequently filed, could not have validated the purported enlargement of the authority of the receiver as ordered on June 28, 1961, it was not nec-

---

5. The "consent" was signed "Irving J. Smith, Individually, and as Attorney for Debtors and Robertson Brothers Department Store, Inc." The signature to this pleading on its face establishes a presumption that attorney Smith had compromised his position as attorney for relator by also representing a creditor against such relator. A "consent" so executed is not binding upon the relator.

When an attorney represents both sides of a controversy he is agent of neither. *Armes* v. *Pierce Governor Co.* (1951), 121 Ind. App. 566, 101 N. E. 2d 199. See also: 3 I. L. E., §23 Attorney & Client. Canons of Professional Ethics, No. 6, *Adverse Influence.*

essary that the relator's petition be accompanied by a certified copy of this pleading.

For the reasons hereinabove stated, the temporary and alternative writ of mandate hereinbefore issued is made permanent.

Arterburn, Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 179 N. E. 2d 285.