RAYMOND MCCOLLUM *v.* DONALD J. MALCOMSON, DUGE BUTLER, JR., RECEIVER FOR ABACUS OF INDIANA, INC.[1]

[No. 2-1174A275. Filed December 20, 1976.]

*Merle B. Rose, Carl L. Peters,* of Indianapolis, for appellant.

*Taylor L. Baker, Jr.,* of Indianapolis, *Walter E. Bravard, Jr.,* of Indianapolis, for appellees.

---

1. This cause should properly be captioned *Robert D. McKeehan et al.* v. *Donald J. Malcomson et al.,* which was cause number S674-423 in the Marion County Superior Court, Room No. 6. We have used the caption under which the parties filed this appeal in order to simplify the keeping of records in this court.

## CASE SUMMARY

LOWDERMILK, J.—This case was transferred from the Second District to this office in order to lessen the disparity in caseloads between the Districts.

Respondent-appellant Raymond McCollum appeals from the trial court's "judgment" ordering him to pay $25,000 to the predecessor of petitioner-appellee Duge Butler, Jr., receiver for defendant Abacus of Indiana, Inc.

We reverse.

## FACTS

McCollum and his wife, as sellers, and Malcomson and his wife, as buyers, on March 4, 1974, entered into a contract for the sale of a residence located in Hamilton County. The sale price was $94,500; Malcomson drew McCollum a check for $25,000 as a down payment.

The Malcomsons agreed to begin paying monthly installments of $690 on April 4, 1974. They also agreed to insure the residence. The contract provided that if an insurance premium was not paid when due or if an installment payment was delinquent for 30 days the Malcomsons' rights would terminate and the McCollums could take possession of the residence and retain all payments received under the contract as liquidated damages. The contract was binding on the McCollums' and Malcomsons' heirs, executors, administrators, successors, and assigns.

The Malcomsons did not insure the residence or pay any installments. Nor did they go into possession.

On April 15, 1975, McKeehan and other plaintiffs brought the instant action against, among others, the Malcomsons and Abacus, the corporation of which they were officers. Ancillary to this action, the trial court appointed a receiver in the following order:

"Come now the parties, and this cause being at issue is submitted to the Court for hearing without the intervention

of the jury, and the Court, having heard the evidence and being duly advised in the premises, finds for the plaintiff and that the allegations of plaintiff's complaint are true; and that said defendant corporation is insolvent, and that a receiver should be appointed for the same.

"IT IS THEREFORE ORDERED by the Court that Walter J. Bravard be, and he is, hereby appointed a receiver in the above-entitled cause of action, to receive and take charge of the property, assets, real estate, leases, accounts, notes, bills receivable, and choses in action, and all the property of any and every kind, character, and description, wherever the same may be located or found, and to reduce the same to possession and to collect all outstanding accounts, bills receivable, choses in action, or other evidence of indebtedness, and to bring suit to recover the same in his own name, to pay the debts of said defendant corporation so far as he may realize upon the assets thereof.

"IT IS FURTHER ORDERED by the Court that said receiver take charge of said property and the assets of defendant company, and that he operate, manage, and conduct the said business of the corporation, and report his proceedings to this Court."

The trial court subsequently appointed Butler to succeed Brevard as receiver.

On May 9, 1974, the trial court authorized the receiver to pay the initial installment under the contract. After McCollum refused to accept this payment, the receiver on May 10, 1974, petitioned the trial court to order McCollum to appear and show cause, alleging *inter alia:*

"Your receiver has previously shown the Court that an initial inspection of the financial records of Abacus of Indiana, Inc. indicates that there may have been a commingling of corporate funds of Abacus of Indiana, Inc. with the personal funds of Donald J. Malcomson and Donna Malcomson, and that certain of these funds may have been used to improve real estate at Westfield Boulevard, Indianapolis, in the name of Donald J. and Donna Malcomson, and on which the Malcomson's secured a loan from AFNB to pay $25,000.00 to Raymond McCollum."

The trial court ordered McCollum to appear "and show cause why he should not be required to pay $25,000 to the

receiver for the benefit of any judgment creditor of Donald or Donna Malcomson . . . ." On May 24, 1974, the trial court held a hearing in which the receiver produced some evidence to support his allegation, *supra*. The trial court on May 29, 1974, entered its judgment, which stated in pertinent part:

"IT IS FURTHER ORDERED that Raymond McCollum pay to Walter E. Bravard, Jr., as Receiver for Abacus of Indiana, Inc. the sum of Twenty-Five Thousand Dollars ($25,000.00), said sum to be held by the receiver until there is a final disposition of the action for Ejectment and Cancellation of Contract in Hamilton County Superior Court under Cause No. S74-260 entitled *'Raymond G. McCollum* and *Betty L. McCollum, Husband and Wife, plaintiffs, vs. Donald J. Malcomson and Donna L. Malcomson, Husband and Wife, defendants',* and said receiver to increase his bond in the amount of any monies paid in.

"IT IS FURTHER ORDERED that Walter E. Bravard, Jr., Receiver for Abacus of Indiana, Inc. consider the Twenty-Five Thousand Dollars ($25,000.00) paid by Donald J. Malcomson to Raymond McCollum as money belonging to Abacus of Indiana, Inc. and he is ordered to file a *lis pendens* notice with the Clerk of Hamilton County, Indiana. . . ."

## ISSUES

1. Whether the trial court's judgment extended to property beyond the limits of its power.

2. Whether there existed sufficient evidence to support the trial court's judgment.

3. Whether the trial court's judgment was contrary to the evidence.

## DECISION

*Issue One:*

We will assume without deciding that Abacus' choses in action, over which the trial court granted the receiver control, included a claim against the Malcomsons for misappropriation of corporate funds—which were traceable to McCollum.

Our Supreme Court noted in *State ex rel. Makar* v. *St. Joseph Circuit Court* (1962), 242 Ind. 339, 347, 179 N.E.2d 285:

"The authority of a court to appoint a receiver exists by statute. No such right existed under the common law. The appointment of a receiver is an extraordinary equitable remedy. The action affects one of man's most cherished and sacred rights guaranteed by the United States Constitution—the right to be secure in his property. This right is fundamental to every society in which men are free. For these reasons the statute which grants such authority is to be strictly construed."

A receiver has statutory authority "to take and keep possession of the property" which belongs to the debtor over whose property he is the receiver, which constitutes the subject matter of the litigation, and which is within the jurisdiction of the court. IC 1971, 34-1-12-7 (Burns Code Ed.) ; *State ex rel. Pancol* v. *Cleveland* (1961), 241 Ind. 206, 171 N.E.2d 255.

In order to fulfill his duty to protect that property of which he has been given possession a receiver has the authority to petition the receivership court to exercise summary jurisdiction over persons who deny or interfere with his right to possession—even persons who are not parties to the litigation. *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N.E.2d 199; 2 R. Clark, *Law of Receivers* § 636 (3d Ed. 1959). See also *Cook* v. *Citizens National Bank* (1881), 73 Ind. 256. However, persons brought into the receivership court in summary proceedings do not thereby become parties to the original action. *Kist, supra; Cook, supra.*

The trial court erred in utilizing a summary proceeding with respect to McCollum and the $25,000. First, the appointment of the receiver in the instant cause did not give him the power to summarily seize possession of the $25,000 inasmuch as these funds were not in the hands of Abacus or the Malcomsons at the time of the appointment. *Davis* v. *Roach* (1925), 83 Ind. App. 320, 148 N.E.2d 498. In *Cook, supra,* at 73 Ind. 260, our Supreme Court explained:

· "The effect of the appointment of a receiver is to remove *the parties to the suit* from the possession of the property . . .".

"*The rule that the possession of a receiver may not be disturbed without leave, does not, however, apply, as far at least as third parties are concerned, until a receiver has been actually appointed, and is in actual possession.* It is not enough that an order has been made directing the appointment of a receiver. Until the appointment has been perfected, and the receiver is actually in possession, a creditor is not debarred from proceeding to execution. The order appointing a receiver is for the benefit of parties to the suit. It does not affect third parties until the appointment is completed and perfected." (Our emphasis)

Secondly, where a receiver seeks to acquire property in the possession of a stranger to the litigation, either the complainant therein must first amend the complaint to make the outsider a party or the receiver must proceed against the outsider by ordinary civil action. Clark, *supra*.

· "Title or the right to property cannot be tried in a contempt proceeding. What is meant by this well settled rule is that a court in such a proceeding cannot by its order take property from the actual possession of a stranger to the action in which a receiver is appointed who claims title to it or right to its possession. Such an order would be void, because one in possession of property, cannot be dispossessed without due process of law, which means an appropriate action brought against him whereupon issues are framed and a regular trial before a court or jury, wherein his title or right to retain possession may be determined, and a proceeding in contempt is not such an action." *Id.*, at 1049.

Therefore, the trial court did not have the power to summarily divest from McCollum, a non-party, the $25,000 which McCollum possessed and to which he claimed right to possession as a vendor under the conditional sale contract. *State ex rel. Brill* v. *Superior Court of Marion County* (1924), 195 Ind. 174, 144 N.E. 747.

By statute and by court order, the receiver in the case at bar had the power to institute a separate action to adjudicate the parties' rights to the $25,000. IC 1971, 34-1-12-7.

He could have sought specific performance of the contract. E.g. *Davis* v. *Talbot* (1894), 137 Ind. 235, 36 N.E. 1098. Or he might have commenced an action to declare the contract void. E.g. *Mercantile Commercial Bank* v. *Southwestern Indiana Coal Corp.* (1929), 93 Ind. App. 313, 169 N.E. 91. In fact, the trial court authorized him to intervene in McCollum's Hamilton County action for ejectment and cancellation of the contract, so that he might have sought to enforce the parties' rights therein.

For these reasons, the trial court's judgment pertaining to McCollum *supra,* is hereby reversed and this cause remanded to the trial court with instructions to vacate said judgment to order Butler to return to McCollum any of the $25,000 which he paid to the receiver pursuant to said judgment, and to order Butler to remove the *lis pendens* notice against the residence unless he is presently involved in litigation involving the contract.

However, nothing in this opinion should be construed as prohibiting Butler from seeking to enforce the parties' claims to the $25,000 in a proper proceeding.

Judgment reversed and remanded.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 358 N.E.2d 177.