STATE of Indiana on the Relation of
Danilo MARICH and Helen
Marich, Relators,

v.

LAKE SUPERIOR COURT, ROOM NO.
5, and Honorable James J. Richards, as
Judge of said Court, Respondents.

No. 1179S331.

Supreme Court of Indiana.

July 8, 1980.

Nick Katich, Merrillville, for relators.

Richard F. Benne and David E. Wickland,
Highland, for respondents.

DeBRULER, Justice.

Relators appeared by counsel to a civil
complaint filed against them in the respon-
dent court and simultaneously filed an an-
swer and motion for change of venue from
the county. These were mailed by counsel
to the court on August 6, 1979, and file
marked by the clerk on August 9, 1979.

On August 13, 1979, the trial court listed
counties and ordered the parties to strike
within fourteen days pursuant to Ind. R.Tr.
P. 76. Relators did not strike within the
time specified and consequently on Septem-
ber 11, following a notice and hearing the
respondent court resumed jurisdiction in
the case.

Relators in their petition for extraordina-
ry writ contended that the resumption of
jurisdiction was improper and that their
change of venue from the county was there-
by erroneously denied.

Relators allege in their verified petition
that the clerk of the court below failed to
send notice pursuant to Ind. R.Tr. P. 72,
advising them that the trial court had listed
counties and had ordered the parties to
strike within fourteen days. In support of
this allegation relators attach a certified
copy of the court's minutes upon which no
written record had been made that the

clerk did send notice of this order to them, and further in support allege under oath that no such notice was received by them.

They further have alleged in the petition that by letter dated August 8, 1979, they received a copy of a letter directed by opposing counsel to the trial judge transmitting to him a proposed order designating counties and ordering the parties to strike within fourteen days, and requesting the judge to execute that order. That order is the one executed on August 13, 1979. They contend that this letter did not provide them with sufficient notice of the order.

*State ex rel. Sargent and Lundy v. Vigo Superior Court,* (1973) 260 Ind. 472, 296 N.E.2d 785, is primarily relied upon by relators and is unquestionably analogous to the case presented. In granting a writ to a party in much the same position as relators here this Court declared, however, that the clerk of the trial court is under a duty pursuant to Trial Rule 72(D) to send notice of trial court orders to the parties and to memorialize such action on the court order book or civil docket recognized by Ind. R.Tr. P. 77. The certified copy of the court's minutes presented by relators is not a court order book or civil docket, and, therefore, one could not reasonably expect to find the clerk's notation upon it. It is not an adequate record upon which this Court could conclude that the clerk did not comply with Trial Rule 72(D). It is the burden of relators in an original action to present a record of the activities in the respondent trial court which are essential to the presentation of the issue placed before this Court. *State ex rel. Makar v. St. Joseph Circuit Court,* (1962) 242 Ind. 339, 179 N.E.2d 285. The record presented does not conform to this criterion.

Furthermore, however, the petition before us, while containing repeated assertions that no notice of the court's order was received, does not contain a statement that relators did not know of such order in time to strike. In *State ex rel. Sargent and Lundy v. Vigo Superior Court, supra,* this Court relied in part in granting the writ upon the relators' showing that they first learned of the court order requiring them to strike, five days after the trial court resumed jurisdiction. In this case relators have quite properly revealed that they received a copy of the letter and proposed order transmitted to the trial court by opposing counsel. The letter was written and sent at about the same time the motion for change of venue world have been received and been under consideration by the trial court. Relators were aware of the trial court procedure requiring counsel to submit proposed orders with requests for rulings as they had followed it themselves when filing the motion for change of venue. They also are charged with knowledge of the law that a timely motion for change of venue places a mandatory ministerial duty upon the trial court to grant the motion. *State ex rel. Lindsey v. Beavers,* (1947) 225 Ind. 398, 75 N.E.2d 660. In light of the timing of the letter of transmittal and the non-discretionary nature of the ruling called for, and in contrast to the situation in *State ex rel. Sargent and Lundy v. Vigo Superior Court, supra,* it is reasonable to infer from the petition before us that relators knew to a high degree of probability that an order would shortly be forth coming from the trial court consonant with the form submitted.

For the foregoing reasons the petition does not state a *prima facie* case for issuance of a writ. The temporary writ was denied, and the permanent writ is also.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.