We find no error. The judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE—Reported at 406 N.E. 2d 1167.

STATE OF INDIANA ON THE RELATION OF DANILO MARICH
AND HELEN MARICH *v.* LAKE SUPERIOR COURT, ROOM 5,
AND HONORABLE JAMES J. RICHARDS, AS JUDGE OF SAID COURT.

[No. 1179S331. Filed July 8, 1980.]

*Nick Katich*, of Merrillville, for relators.

*Richard F. Benne, David E. Wickland*, of Highland, for respondents.

DEBRULER, J.—Relators appeared by counsel to a civil complaint filed

against them in the respondent court and simultaneously filed an answer and motion for change of venue from the county. These were mailed by counsel to the court on August 6, 1979, and file marked by the clerk on August 9, 1979.

On August 13, 1979, the trial court listed counties and ordered the parties to strike within fourteen days pursuant to Ind. R.Tr. P. 76. Relators did not strike within the time specified and consequently on September 11, following a notice and hearing the respondent court resumed jurisdiction in the case.

Relators in their petition for extraordinary writ contend that the resumption of jurisdiction was improper and that their change of venue from the county was thereby erroneously denied.

Relators allege in their verified petition that the clerk of the court below failed to send notice pursuant to Ind. R.Tr. P. 72, advising them that the trial court had listed counties and had ordered the parties to strike within fourteen days. In support of this allegation relators attach a certified copy of the court's minutes upon which no written record had been made that the clerk did send notice of this order to them, and further in support allege under oath that no such notice was received by them.

They further have alleged in the petition that by letter dated August 8, 1979, they received a copy of a letter directed by opposing counsel to the trial judge transmitting to him a proposed order designating counties and ordering the parties to strike within fourteen days, and requesting the judge to execute that order. That order is the one executed on August 13, 1979. They contend that this letter did not provide them with sufficient notice of the order.

*State ex rel. Sargent and Lundy v. Vigo Superior Court*, (1973) 260 Ind. 472, 296 N.E.2d 785, is primarily relied upon by relators and is unquestionably analogous to the case presented. In granting a writ to a party in much the same position as relators here this Court declared, however, that the clerk of the trial court is under a duty pursuant to Trial Rule 72(D) to send notice of trial court orders to the parties and to memorialize such action on the court order book or civil docket recognized by Ind. R.Tr. P. 77. The certified copy of the court's minutes presented by relators is not a court order book

or civil docket, and, therefore, one could not reasonably expect to find the clerk's notation upon it. It is not an adequate record upon which this Court could conclude that the clerk did not comply with Trial Rule 72(D). It is the burden of relators in an original action to present a record of the activities in the respondent trial court which are essential to the presentation of the issue placed before this Court. *State ex rel. Makar v. St. Joseph Circuit Court*, (1962) 242 Ind. 339, 179 N.E.2d 285. The record presented does not conform to this criterion.

Furthermore, however, the petition before us, while containing repeated assertions that no notice of the court's order was received, does not contain a statement that relators did not know of such order in time to strike. In *State ex rel. Sargent and Lundy v. Vigo Superior Court, supra*, this Court relied in part in granting the writ upon the relators' showing that they first learned of the court order requiring them to strike, five days after the trial court resumed jurisdiction. In this case relators have quite properly revealed that they received a copy of the letter and proposed order transmitted to the trial court by opposing counsel. The letter was written and sent at about the same time the motion for change of venue would have been received and been under consideration by the trial court. Relators were aware of the trial court procedure requiring counsel to submit proposed orders with requests for rulings as they had followed it themselves when filing the motion for change of venue. They also are charged with knowledge of the law that a timely motion for change of venue places a mandatory ministerial duty upon the trial court to grant the motion. *State ex rel. Lindsey v. Beavers*, (1947) 225 Ind. 398, 75 N.E.2d 660. In light of the timing of the letter of transmittal and the non-discretionary nature of the ruling called for, and in contrast to the situation in *State ex rel. Sargent and Lundy v. Vigo Superior Court, supra*, it is reasonable to infer from the petition before us that relators knew to a high degree of probability that an order would shortly be forth coming from the trial court consonant with the form submitted.

For the foregoing reasons the petition does not state a *prima facie* case for issuance of a writ. The temporary writ was denied, and the permanent writ is also.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE — Reported at 407 N.E. 2d 233.