Filed Nov. 26, 1894.

---

No. 16,884.

## SELLERS ET AL. *v.* STOFFEL.

RECEIVER.—*Sale on Execution or Decretal Order.—Receiver to Collect Rents and Profits, etc., During Year for Redemption.*—The statute gives the owner of real estate sold on execution or decretal order the right of possession during one year from the date of sale, during which time he has the right of redemption, and it is only in a clear case of necessity, in order to protect the rights of others, that the owner ought to be deprived of this right by taking from him his property and placing it in the hands of a receiver.   If, in any event, it would be proper to appoint a receiver to collect the rents and profits during the year for redemption, the rents and profits should be paid into court for the use of the person entitled thereto.

Sellers *et al. v.* Stoffel.

SAME.—*Sufficiency of Application.*—*Foreclosure of Mortgage.*—*Rents and Profits.*—While the allegations in an application for a receiver may be supplemented and enlarged by affidavits and oral testimony, yet the appointment can not be sustained if the allegations fail to show statutory or equitable grounds upon which, it may stand; and where the only allegations as to the appointment of a receiver, in an action to foreclose a mortgage, are "that said premises can be rented from $8 to $12 per month, and asks that a receiver be appointed by this court to take charge of said premises and collect said rent and pay the same into court to be applied on said mortgages," no case is made justifying such appointment.

From the Huntington Circuit Court.

*J. M. Hatfield,* for appellants.

*C. W. Watkins, B. F. Ibach* and *J. F. Bickel,* for appellee.

HOWARD, J.—This was an action for the foreclosure of a mortgage on real estate, and for the appointment of a receiver to collect rents and profits.

The record has not been prepared with care, and is quite unsatisfactory.

If the complaint is correctly set out, it was certainly subject to a motion to make more specific.

There was an answer in general denial, and the cause was submitted to the court for trial.

It was found by the court that the debt due was $204.05, and that the mortgage should be foreclosed. Judgment was rendered for the amount of the debt, and a decree of foreclosure, and for the sale of the real estate was entered.

There was neither finding nor judgment upon the issue as to the appointment of a receiver.

The decree closes with these words: "All of which is finally ordered, adjudged and decreed by the court."

This decree was entered on the tenth day of the October term, 1892, of the court, and would seem to have been a final adjudication of the issues joined in the case.

The record, however, shows that on February 23, 1893, being the 34th day of the January term, 1893, of said court, the following proceedings were had:

"Comes the plaintiff by Watkins & Dungan, his attorneys, and come the defendants by J. M. Hatfield their attorney, and on the plaintiff's motion his application for the appointment of a receiver herein is submitted to the court.

"And the court being fully advised in the premises finds that the said application is fully sustained, and that a receiver ought to be appointed to take charge of the property described in said application and receive the rents and profits thereof.

"It is, therefore, ordered by the court that William A. Branyan be, and he is hereby, appointed a receiver of the following described real estate (describing it); and he is ordered and directed to rent said property, and apply the rents and profits to the payment of the mortgages thereon."

This action of the court in the appointment of a receiver was excepted to by the appellants, and is the only error assigned.

How the case came to be on the docket at the January term, after there had been a final decree at the October term, does not appear. But as both parties were present in court by counsel on February 23, 1893, and no objection seems to have been made to the consideration of the matter of the receivership then brought up again, we must presume, in the silence of the record, that the cause had been continued at the October term, as to the receivership, or that the matter was in some other manner properly before the court.

No application for the appointment appears, except that shown in the complaint. While the certificate of the clerk to the record shows it "to be a full, true, cor-

rect and complete copy of all the proceedings had in said cause.''

We shall, therefore, look to the application for a receivership, as set out in the complaint, to discover whether the appointment was justified.

In an action pending on due notice, or on appearance of the adverse party, a receiver may be appointed, either before or after judgment, when necessity therefor is shown. The application is properly made on written motion or petition, either as a part of the complaint or cross-complaint or as a distinct petition. No other pleading is necessary than the application itself. *Pressley* v. *Harrison*, 102 Ind. 14; *Pressley* v. *Lamb*, 105 Ind. 171; *First Nat'l Bank, etc.,* v. *U. S. Encaustic Tile Co.*, 105 Ind. 227, section 1244, R. S. 1894 (section 1230, R. S. 1881).

The application for the appointment of a receiver, however, as any other petition or complaint, should be sufficient in itself, and should therefore contain the allegations necessary to show why the prayer should be granted.

*Main* v. *Ginthert*, 92 Ind. 180, was an action in which Eliza Ginthert had filed a cross-complaint for the appointment of a receiver to take charge of rents and profits during the pendency of a suit to foreclose a mortgage. The trial court came to the conclusion that, upon the facts averred in the cross-complaint, a receiver ought to be appointed.

The appeal in that case was against the order appointing the receiver, and it was assigned as error that the court below had overruled a demurrer to the cross-complaint.

The court said, in considering the sufficiency of the cross-complaint as an application for the appointment of a receiver: ''The fair inference, from the facts averred in Mrs. Ginthert's cross-complaint, is that the mortgaged

property, aside from her interest in it, was insufficient to pay the mortgage debt, and that her husband had no other or remaining property out of which the deficiency could be made. * * * What we have said as to the sufficiency of the cross-complaint carries us to the inevitable conclusion that a good *prima facie* case was made for the appointment of a receiver, and that for that reason a receiver was properly appointed.''

It is true, as said in *Naylor* v. *Sidener*, 106 Ind. 179, that ''the averments of the complaint may be supplemented, and in effect enlarged, by the presentation of affidavits or the introduction of oral testimony in support of an application for the appointment of a receiver, and that all will be taken into consideration in determining whether a receiver ought to be appointed. *Barnes* v. *Jones*, 91 Ind. 161; *Pouder* v. *Tate*, 96 Ind. 330.''

While, however, the allegations in the application for a receiver may be supplemented and enlarged by affidavits and oral testimony, yet the appointment can not be sustained if the allegations fail to show statutory or equitable grounds upon which it may stand.

In *Bufkin* v. *Boyce*, 104 Ind. 53, as in the case before us, ''the complaint was regarded as an application for a receiver.'' Of the complaint in that case the court said: ''Considering it merely as an application for the appointment of a receiver in an action pending, and regarding the facts shown by it, with those set forth in the answer and reply, as grounds stated for and against the appointment of a receiver, we think no case is made justifying such appointment.'' We think that a like conclusion must be reached in this case.

In section 1236, R. S. 1894 (section 1222, R. S. 1881), seven cases are stated in which a receiver may be appointed, and in none of these cases would the appoint-

ment of a receiver be authorized under the allegations of the complaint which we are considering.

The sole clause in the complaint relating to a receiver is as follows: .

"The plaintiff further avers that said premises can be rented from $8 to 12 per month, and asks that a receiver be appointed by this court to take charge of said premises and collect said rent and pay the same into court to be applied on said mortgages."

For aught that appears from this allegation, the value of the land to be sold may be ample to secure the debt. Indeed, a property that will rent for from ninety-six to one hundred and forty-four dollars per year would clearly seem to be worth many times the debt found due, which is, all told, but little over two hundred dollars.

It will be noticed, in passing, that the prayer is that the rent should "be applied on said mortgages." If in any event it would be proper to appoint a receiver, the rent should be paid into court for the use of the person entitled thereto. In case of redemption, the rents would belong to the owner, and should not be applied on the mortgage debt.

The statute gives the owner of real estate sold on execution or decretal order the right of possession during one year from the date of sale; during which time also he has the right of redemption. Sections 779, 780, R. S. 1894 (sections 767, 768, R. S. 1881).

It is the positive statutory right of the owner to have possession of his land during this time, that he may retrieve his fortunes, if possible; and it is only in a clear case of necessity, in order to protect the rights of others, that the owner ought to be deprived of this right by taking from him his property and placing it in the hands of a receiver.

For an exhaustive discussion of the respective rights,

under these statutes, of mortgagors, mortgagees, and purchasers at judicial sales, see *Merritt* v. *Gibson,* 129 Ind. 155, and authorities there cited.

We think no ground for the appointment of a receiver is shown in this case, and the order appointing a receiver is reversed.

DAILEY, J., was absent during the consideration of this case.

