GLENDENNING v. PRUDENTIAL INSURANCE COMPANY
OF AMERICA ET AL.

[No. 26,519. Filed May 1, 1936.]

*Kiplinger & Kiplinger,* for appellant.

*Davis Harrison,* for appellee.

HUGHES, J.—The appellee instituted an action to foreclose a mortgage on certain real estate. A judgment of foreclosure was rendered and a sale of the real estate was had. After the sale a receiver was appointed to "collect, receive and hold until the further order of this court, all the rents and profits of said mortgaged premises during the year of redemption. And to otherwise manage and operate said real estate in accordance with the usual powers conferred upon receivers." From the judgment appointing the receiver this appeal was taken.

The appellant relies upon two alleged errors for reversal as follows: (1) The court erred in appointing a receiver; (2) the court erred in overruling the motion of appellant for a new trial.

It is alleged in the motion for a new trial: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; (3) error in the admission of certain evidence.

It appears from the evidence that the appellant was the owner of three tracts of farm land. One tract consisted of one hundred and sixty acres upon which she lived; one tract of eighty acres situated just across the road from the one hundred and sixty acre tract; and one tract of one hundred and two acres about one mile from the other land. The mortgage was upon the two

latter tracts. A judgment was rendered for $13,933.02, and the land was sold by the sheriff for $13,800. The land was sold on February 9, 1935, and the receiver was appointed on February 19, 1935, and the judgment of foreclosure was rendered on December 4, 1934. A personal judgment against appellant for $13,933.02, and a decree of foreclosure was rendered. In the complaint to foreclose, a receiver was asked for on the ground that the real estate described in the mortgage was inadequate security and that the rents and profits therefrom were not being collected, and if collected they were not properly applied to the payment of taxes, insurance, and necessary repairs. The mortgage contained the usual clause for the appointment of a receiver in case of foreclosure. As stated above, a receiver was not appointed at the time the judgment of foreclosure was rendered, but on January 22, 1935, the appellee filed a petition for the appointment of a receiver, alleging that a judgment had been rendered for $13,933.02; that on sale the real estate would not sell for a sufficient amount to satisfy the judgment nor to pay the taxes and assessments due and those that will become due. And the further allegation that the appellee, Margaret E. Glendenning, did not occupy nor reside on said premises and that the same are rented out to various tenants.

The hearing for the appointment of a receiver was had on February 11, 1935, and concluded on February 19, 1935, when the receiver was appointed. Practically all of the evidence of appellee went to the value of the land supposedly to show that the land would not sell for an amount sufficient to pay the judgment, but prior to this time, on February 9, 1935, the land had already been sold for $13,800. This evidence as to value, it would seem to us, was of little or no effect. There was no evidence whatever as to insurance, taxes or assessments being due or delinquent; nor was there any evidence

that there was any necessary repairs to be done to preserve the premises.

The evidence shows that the appellant was the owner of the one hundred and sixty acre tract of the probable value of $16,000; that she lived upon said premises and farmed the same in conjunction with the eighty acre tract across the road. It is true that in 1934 she had rénted the eighty acres, or part thereof, to another for corn on a grain basis and her part was taken across on the one hundred and sixty acre tract where it was fed to her stock. Of course the appellant, herself, could not plant and cultivate the corn, and, instead of hiring one to do this, she rented the ground to another on a crop basis. This fact, however, did not take the possession of the land away from her. She still remained in possession of this eighty acre tract the same as either one of the eighty acre tracts just across the road where she lived. If the eighty acre tract in question had been on the other side of the road adjoining the one hundred and sixty acre tract and a tenant had in 1934 cultivated part of it in corn for grain rent, could it then be said that she was not in possession of the same? We do not think so. And the mere division of the land by a highway would make no difference. And there is no evidence to show that she was not in possession of the one hundred and two acre tract. It is true that the evidence shows that a party was living in the dwelling on the premises. There is no evidence to show under what terms he was there and no evidence which showed, or tended to show, that it was not in her complete possession. Nor was there any evidence to show that the appellant was insolvent. As far as the evidence shows she was solvent—the owner of one hundred and sixty acres of valuable land.

This is not a case where the remedy of the mortgagee is confined to the mortgaged premises as provided for in §3-1813, Burns 1933 (§1001, Baldwin's 1934). It is

a case where a personal judgment was rendered as provided for in §3-1814, Burns 1933 (§1002, Baldwin's 1934), and in §3-1815, Burns 1933 (§1013 Baldwin's 1934), it is provided:

"When there is an express written agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct, in the order of sale, that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises shall be levied on any property of the mortgage-debtor."

In the instant case it is shown that the appellee, mortgagee-debtor, had property out of which the balance of the debt, $133.02 could have been made.

This court in a recent decision, *Federal Land Bank of Louisville* v. *Schleeter* (1935), 208 Ind. 9, 193 N. E. 378, discussed the question of the appointment of a receiver in the case of a foreclosure of a mortgage. On the sale of property on execution, the statute, §2-3919, Burns 1933 (§623, Baldwin's 1934), provides:

"The owner of the real estate or interest therein, sold as aforesaid, shall be entitled to the possession of the same for one (1) year from the date of such sale."

In the foregoing case, relative to this state the court said (p. 14):

"The purpose of the statute was to protect the mortgagor in his possession during the year of redemption, and it seems never to have been doubted that, when personally occupied, his possession would not be disturbed because of insolvency or inadequacy of the proceeds of the sale of the land to pay the mortgage, and we adhere to that view. . . ."

And the court further said (p. 15):

"In none of the cases does the court seem to have given any consideration to the question of whether there were provisions for the appointment of a receiver in the mortgage, but such provisions can be of no controlling force, since it is well settled that

conditions in a mortgage tending to limit or defeat the right of redemption is void." Authorities cited.

In the instant case practically the undisputed evidence shows that the appellant was in possession of the land in controversy; that she was solvent and no evidence to show that there was any insurance, taxes, or assessments due against the land. Under such circumstances there was no conceivable reason for the appointment of a receiver. As said in the case of *Sellars* v. *Stoffel* (1894), 139 Ind. 468, 473, 39 N. E. 52:

> "The statute gives the owner of real estate sold on execution or decretal order the right of possession during one year from the date of sale; during which time also he has the right of redemption. . . .
> "It is the positive statutory right of the owner to have possession of his land during this time, that he may retrieve his fortunes if possible; and it is only in a clear case of necessity, in order to protect the rights of others, that the owner ought to be deprived of this right by taking from him his property and placing it in the hands of a receiver."

In view of the result reached it is not necessary to pass upon the question of the admission of certain evidence.

The decision and judgment is not sustained by sufficient evidence and is contrary to law.

Judgment reversed.