KLEINMEYER JR., ET AL. *v*. SEARS, ROEBUCK & CO.

[No. 29,443.   Filed June 5, 1957.]

*Carl Lee Compton* and *Compton, Parsons & Duvall* (of counsel), of Indianapolis, for appellants.

*Robert D. Symmes,* of Indianapolis, for appellee.

LANDIS, J.—Suit to foreclose a mechanic's lien and for appointment of receiver. The court appointed a receiver without notice and set a date nine days later (June 7) for a hearing to determine whether the appointment should be made permanent.

Appellants who were defendants below were notified of the hearing and appeared; and the court after hearing evidence, entered a finding and judgment making permanent the appointment of the receiver.

Appellants have appealed from the latter judgment of June 7, and contend the appointment of the receiver at the hearing was erroneous, which they have assigned as error.

Appellants concede in their brief that any question they might now raise as to the temporary appointment without notice has become moot[1] as notice was given prior to the court's hearing to determine whether the appointment should be made permanent, and this appeal is from the subsequent judgment appointing the receiver after notice.

Appellants first contend on this appeal that the evidence was insufficient to support the petition for a receiver in that the evidence most favorable to appellee showed the real estate to be worth at least $35,000.00, whereas the claims against it totalled only $31,752.76, and there was no necessity for the appointment of a receiver shown.

Appellee's petition for a receiver alleged the property to be of the estimated value of $35,000.00, and the claims and liens to total some $30,131.76. The Condensed Recital of the Evidence in the briefs does not contain probative evidence that the property was worth less

---

1. See: *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

than $35,000.00, nor that the indebtedness exceeded $31,752.76. The appraisers' report filed in the proceedings five days after the hearing and judgment appointing the receiver was not evidence at the hearing. Nor can it be properly inferred from the evidence that the liens and claims totalled $34,000.00, as contended by appellee.

Here the real estate was being occupied by appellants, as husband and wife, as their residence, and there is no showing made as to any improper use of the premises damaging its value, nor was there any contention as to the commission of waste on the property.

It is further difficult to see how the property or security was in danger of being lost or materially injured,[2] or appelle's rights endangered where the real estate here in question, according to appellee's petition, was of an estimated value of almost $5,000.00 more than the combined indebtedness accruing against appellants and the property, and there was no showing that appellee's action to foreclose a mechanic's lien would suffer without a receiver. The evidence most favorable to appellee as above discussed did not vary to any marked degree from the allegations as to value, and under the authorities the appointment of a receiver can not be sustained if the allegations fail to show statutory or equitable grounds upon which it may stand. See: *Sellers et al.* v. *Stoffel* (1894), 139 Ind. 468, 472, 39 N. E. 52; *Bufkin* v. *Boyce* (1885), 104 Ind. 53, 3 N. E. 615.

It is accordingly our conclusion that the allegations of appellee's petition for a receiver and the evidence offered in support of it were insufficient to make out a case

2. The portion of the receivership statute apparently relied upon by appellee provides for the appointment of a receiver: "In all actions when it is shown that the property, fund, or rents and profits in controversy is in danger of being lost, removed or materially injured." Burns' Indiana Statutes, §3-2601, cl. 3, 1946 Replacement, being Acts of 1881 (Spec. Sess.) ch. 38, §245, p. 240.

for the appointment of a receiver, and the lower court therefore erred in appointing the receiver.

In view of the result we have reached, it is unnecessary to discuss appellants' remaining contentions of error.

Reversed.

Arterburn, C. J., and Achor, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 918.