ZIFFRIN *v.* ZIFFRIN.

[No. 30,104. Filed January 15, 1962.]

*R. Stanley Lawton, Alan H. Lobley* and *Ross, Mc-Cord, Ice & Miller,* of counsel, all of Indianapolis, for appellant.

*Dulberger & Heeter* and *Leslow & Lesh,* both of Indianapolis, for appellee.

BOBBITT, J.—This is an appeal from an interlocutory order appointing a temporary receiver to take charge of certain property owned by appellant and appellee as tenants in common, pending an action for its partition.

The sole error assigned is that the trial court erred in appointing a receiver.

Appellant initiated this action by the filing of his complaint for the partition of real estate owned by

him and appellee, Esther Ziffrin, as tenants in common.

A temporary receiver was appointed on defendant-appellee's verified application filed on May 31, 1961.

Also, on May 31, 1961, defendant-appellee filed her answer in three paragraphs, paragraph two seeking the appointment of a receiver for the purpose of collecting and distributing rental income from certain property and for an accounting from plaintiff-appellant for all rentals allegedly collected by him; and paragraph three alleging that the property owned by the parties cannot be equitably divided or set off to either party, and praying for the appointment of a commissioner to sell the property and distribute the proceeds.

Subsequently, on May 31, 1961, plaintiff-appellant dismissed his complaint for partition and the case is now pending on defendant-appellee's counterclaim, being paragraphs two and three of her answer as hereinabove mentioned. See: *State ex rel. Ziffrin* v. *Superior Court etc.* (1961), 242 Ind. 246, 177 N. E. 2d 898.

For other intervening steps in the proceedings which are not material here and the jurisdiction of the trial court, see *State ex rel. Ziffrin* v. *The Superior Court of Marion County, et al., supra.*

We are concerned here only with the allegations of appellee's verified application for the appointment of a receiver and the sufficiency of the evidence to support the appointment.

Appellee's verified application alleges the filing by appellant, Simon Ziffrin, of the suit for partition of real estate owned by him and appellee, Esther Ziffrin, as tenants in common, that appellant is occupying

part of the property where he operates the business, and that he has refused and failed to pay appellee rental at the rate of $300 per month on her one-half interest in the property; that appellant is receiving rental income from other properties which they own as tenants in common and has refused to turn over or pay to appellee her one-half of the rental income to which she is entitled; that appellee is "obligated to the Internal Revenue Service of the Department of the Treasury of the United States under a tax compromise which requires the plaintiff to pay a portion of his income on said settlement;" and that he refuses to sell or dispose of any of the property for the purpose of raising money to pay off the tax lien, that the appointment of a receiver is necessary to protect and preserve her interest and to prevent the plaintiff-appellant from further disposing of her share of the income from rentals and in order to permit her interest in the property to be sold, and further that the income from the rentals from the property is necessary for appellee's maintenance and support, and that such income can only be collected through the appointment of a receiver; and that as a result of the above allegations appellee will be deprived of the income from the property and the right to sell or dispose of her interest therein pending the outcome of the suit in partition.

The prayer of the application for receiver asks the court to "appoint a receiver to manage, collect rentals, to sell the aforesaid property, subject to any and all liens thereon."

The evidence most favorable to appellee shows that neither appellant, Simon Ziffrin, nor the Ziffrin Truck Lines, Inc. is paying any rental to appellee, Esther Ziffrin, and that none of the other property which

they own as tenants in common is producing any income for either party.

The evidence further shows that appellee's share of four months' rent from the two properties occupied by appellant and Ziffrin Truck Lines, Inc. is due, that she has made demand for payment thereof but none has been made, and that she has no other source of income but her alimony payments and needs the income from rentals for her support.

The evidence further shows that the value of the property which the parties own as tenants in common is approximately $452,000, and that there is a federal tax lien thereon in excess of one million dollars which may be released by the payment of $40,000 in January of 1962, and $40,000 in January of 1963, plus interest.

There is no evidence that the property is not being properly maintained and kept in repair, or that there are any unpaid local taxes or assessments. There is evidence showing that appellant, Simon Ziffrin, is paying the local and state taxes. There is also no evidence that appellant is insolvent or that he was in any imminent danger of insolvency at the time of the hearing for the appointment of a receiver. On the contrary, the evidence discloses that when the partition suit—the main action—is prosecuted to its conclusion and the federal tax settlement made, appellant would be the owner of property valued at approximately $146,000, free and clear of any tax liens.

At the time of the hearing on the application for receiver, appellant, as shown by the evidence, owed appellee only four months' rental. Based on the amount shown by her own evidence, the value of appellant's interest in the property exceeds the amount of her claim by more than $100,000.

In *Kleinmeyer, Jr. et al.* v. *Sears, Roebuck & Company* (1957), 236 Ind. 663, 142 N. E. 2d 918, where a receiver was appointed in a suit to foreclose a mechanic's lien, and there was no showing of an improper use of the premises or commission of waste which might impair the value of the property involved, at page 665 of 236 Ind. this court said:

"It is further difficult to see how the property or security was in danger of being lost or materially injured, or appellee's rights endangered where the real estate here in question, according to appellee's petition, was of an estimated value of almost $5,000.00 more than the combined indebtedness accruing against appellants and the property, and there was no showing that appellee's action to foreclose a mechanic's lien would suffer without a receiver."

In the present case it is not shown by the evidence that the property which is security for the alleged rental that appellee asserts is owing is being dissipated or is in any danger of insolvency. There is no showing that appellee's suit for an accounting of rentals would be in any way adversely affected by the failure to appoint a receiver.

This court has held that:

"Where one tenant in common excludes his cotenant from possession, refuses to pay rent, lets the property go without repair, fails to pay taxes and assessments when due, and is wholly insolvent, a receiver may be appointed, pending the determination of a suit for partition and an accounting for rents." (Citing authorities.) *Hodgin* v. *Hodgin* (1911), 175 Ind. 157, 160, 93 N. E. 849.

While it is true that appellant has refused to pay rent, there is no evidence in the record here to show that appellee has been excluded from possession of the

property or that appellant has permitted the property to go without repair or has failed to pay taxes and assessments when due, or that he is insolvent or in danger of insolvency.

Appellee has an adequate remedy at law for the collection of any rentals which may be due and owing from the properties here involved.

The authority for the appointment of a receiver is statutory, *State ex rel. Makar* v. *St. Joseph Cir. Ct.* (1962), 242 Ind. 339, 179 N. E. 2d 285, and the appointment of a receiver cannot be sustained unless proper grounds therefor are sufficiently shown.

Appellee asserts that the receiver herein was appointed under those parts of Acts 1881 (Spec. Sess.), ch. 38, §245, p. 240, being §3-2601, Burns' 1946 Replacement (Second and Seventh), which provide that a receiver may be appointed in an action between persons jointly interested in property and where, in the discretion of the court, it may be necessary to secure ample justice to the parties.

As shown by her pleadings appellee seeks to collect rentals which she alleges are due and to have the property sold and the proceeds divided between the parties.

In her petition for a receiver she asks the court to appoint a receiver to manage the property, to collect rentals and to sell the property. In paragraphs two and three of her answer she asks for the appointment of a receiver to collect and distribute the rentals, for accounting from the plaintiff of all rentals collected by him, for an order for plaintiff to pay over to appellee her share of the rentals, and for a commissioner

to sell the property and distribute the proceeds therefrom.

It clearly appears from the foregoing that appellee seeks the same identical remedies in her application for a receiver which she seeks in paragraphs two and three of her answer.

In our judgment the main action for accounting and partition, if prosecuted to a conclusion, would furnish appellee with the same relief which she could obtain by the appointment of a receiver.

Appellee has failed to show that her action for an accounting and partition (her remedy at law) would not be adequate or secure justice to the parties, and under such circumstances a receiver will not be appointed. *Morris* v. *Nixon* (1945), 223 Ind. 530, 534, 62 N. E. 2d 772; *Meacham, et al.* v. *Sanders, et al.* (1954), 233 Ind. 182, 184, 118 N. E. 2d 126.

Appellee has also failed to show that the appointment of a receiver was necessary at the time of the hearing to preserve the property. *Chicago, etc. R. Co.* v. *Kenney* (1902), 159 Ind. 72, 78, 62 N. E. 26.

While trial courts have wide discretionary power to appoint receivers *pendente lite*, *Ratcliff* v. *Ratcliff* (1942), 219 Ind. 429, 438, 39 N. E. 2d 435, such power should be exercised only when it is clear that no other full and adequate remedy exists whereby justice between the parties may be affected and a wrong prevented.

We find no emergency or special or peculiar circumstances existing at the time of the filing of the application herein which, in our judgment, would justify the appointment of a receiver.

The appointment of a receiver is a drastic remedy and the court's appointive power should be exercised with the utmost care and caution.

In our judgment there is a full and adequate remedy at law whereby justice between the parties can be affected and a wrong prevented and no emergency or special circumstances have been shown which justified the appointment of the receiver herein, and the trial court abused its discretion in ordering the appointment of a receiver under the evidence in the record here.

For the foregoing reasons the judgment of the trial court must be reversed.

Judgment reversed.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 276.