ZIFFRIN TRUCK LINES, INC., ET AL. *v.* ZIFFRIN ET AL.

[No. 29,991. Filed February 26, 1962.]

. R. Stanley Lawton, Alan H. Lobley, and Ross, McCord, Ice & Miller, of counsel, all of Indianapolis, for appellants.

Murray E. Dulberger, John P. Price, Robert Hollowell, Barnes, Hickam, Pantzer & Boyd, and Hollowell & Hamill, of counsel, all of Indianapolis, for appellees.

JACKSON, J.—This is an appeal from an interlocutory order of the trial court appointing a temporary receiver for the appellant, Ziffrin Truck Lines, Inc.

Appellants' Assignment of Errors contains six specifications as follows:

"1. The trial court erred in appointing a receiver for the appellant Ziffrin Truck Lines, Inc.

"2. The trial court erred in appointing a receiver for the appellant Ziffrin Truck Lines, Inc. when the undisputed evidence showed that the plaintiff could not recover in the principal action because of his unclean hands.

"3. The trial court erred in appointing a receiver for the appellant Ziffrin Truck Lines, Inc. without notice having been given to the stockholder appellant Betty Marcus of the hearing on the application for the appointment of a receiver.

"4. The trial court erred in appointing a receiver for the appellant Ziffrin Truck Lines, Inc. when the plaintiff-appellee had an adequate remedy at law.

"5. The trial court erred in appointing a receiver for the appellant Ziffrin Truck Lines, Inc. when the plaintiff-appellee had an adequate remedy by way of temporary injunction.

"6. The trial court erred in overruling appellant Simon Ziffrin's Verified Motion to Abate Plaintiff's Application for a Receiver."

In order that we obtain a clear procedural and factual background of the events leading to this appeal, it is necessary that we briefly review some of the events occurring prior to the appointment of the temporary receiver. The original action was instituted in the Marion Superior Court by Louis Ziffrin, v. Ziffrin Truck Lines, Inc., Simon Ziffrin, Herman Liberman, Louis Levy, John Barney, Betty Marcus and David Ziffrin as cause No. S60-3606 entitled the "Stockholder's Derivative Action Complaint and Request for Appointment of a Receiver" and consisted of thirty-four rhetorical paragraphs. In essence the plaintiff's complaint may be reduced to the following propositions:

(a) That he has been deprived of access to all the books and records of the corporation;

(b) That he is no longer on the payroll of the corporation;

(c) That the corporation is involved in a number of different law suits;

(d) That the corporation has borrowed $50,000 from the bank;

(e) That there were several months during which the corporation operated at a loss;

(f) That the management of the company is paying excessive salaries and diverting corporate funds to various individuals who are a part of management, thus depriving him of an interest in the surplus of the corporation and possible dividends.

The defendants below, appellants here, answer the allegations of the complaint in substance on the following grounds:

(1) That there is no competent evidence of probative value to support the plaintiff-appellee's position;

(2) A stockholder's derivative suit is an action in equity. That plaintiff-appellee by his own actions has brought himself within the purview of the doctrine of unclean hands and is therefore estopped to obtain the relief sought;

(3) The facts alleged, even if proved, would not justify the appointment of a receiver.

The record in this case is so voluminous that it would be impractical to attempt to here compile a snyopsis thereof without unduly encumbering the record to no advantage to either the litigants or to this court.

A careful review of all the evidence in this case, in the opinion of the writer, fails to disclose either that an emergency existed for the appointment of a receiver pendente lite or that plaintiff did not have an adequate remedy at law.

In view of the fact that the main action is yet to be disposed of in the trial court, we have purposely

narrowed consideration of the issues involved in this appeal in order that we not invade the province of the trial court.

It is, we think, axiomatic that a receiver should not be appointed if the plaintiff has an adequate remedy at law or by way of temporary injunction. This rule was expressed by this court in *Fagan etc. et al.* v. *Clark et al.* (1958), 238 Ind. 22, 148 N. E. 2d 407, where the court said at page 26, "[r]elief by receivership is an extraordinary remedy and is never exercised if there is an adequate remedy at law or the harm can be prevented by injunction or restraining order." See also: *Ziffrin* v. *Ziffrin* (1962), 242 Ind. 351, 179 N. E. 2d 276; *State ex rel. Makar* v. *St. Joseph County Cir. Ct.* (1962), 242 Ind. 339, 179 N. E. 2d 285.

In Gluck and Becker, Receivers of Corporations, (1896) (2d Ed.), §22, it is stated:

> "It is not the province of a court of equity to take possession of the property, and conduct the business of corporations, except when the exercise of such extra-ordinary jurisdiction is indispensably necessary to save or protect some clear right, which would otherwise be lost or greatly endangered, and which cannot be saved or protected by any other action or way of proceeding."

In 1 Clark on Receivers (1959), (3rd Ed.), §59, pp. 67, 68, it is stated:

> " . . . If it is in the power of the court to protect the plaintiff by granting a less drastic remedy than the appointment of a receiver, the court will usually do so. . . .
> "Since the court is loathe to apply the harsh remedy of the appointment of a receiver unless the same is absolutely necessary . . ., it will therefore, upon proper application, apply the

remedy of restraining order or injunction or less harsh remedy. . . .

"Sometimes the judge or chancellor will grant injunctive relief with the alternative that if the mandate or injunction is not obeyed a receiver may be applied for."

The judgment of the trial court appointing a receiver for Ziffrin Truck Lines, Inc. is therefore reversed, and said cause remanded for further proceedings not inconsistent with this opinion.

Achor, C. J., Bobbitt and Landis, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 180 N. E. 2d 370.