U. S. Aircraft Financing, Inc., an Indiana Corporation *v.* Nick Jankovich, Individually and as Partners Doing Business as Calumet Aviation Company; City of Gary by and Through its Board of Aviation Commissioners.

[No. 3-775A154. Filed July 26, 1977.]

*William F. Kane, Jr. Lucas, Clifford, Kane & Holcomb,* of Merrillville, for appellant.

*Charles A. Ruckman,* of Gary, for appellee City of Gary.

Hoffman, J.—The City of Gary, Indiana (City) intervened in an action brought by Nick Jankovich and Paul Jankovich against U.S. Aircraft Financing, Inc. (U.S. Aircraft), for payments due on a contract of sale arising out of a Fixed Base Operators Ground Lease Agreement at the Gary Municipal Airport. After the City's intervention and upon its motion the trial court appointed a receiver over U.S. Aircraft to maintain the operation of the airport. U.S. Aircraft appeals from this interlocutory order contending that the trial court erred in

granting the City's motion to intervene and in appointing a receiver.

On April 24, 1950, the City of Gary thorough its Board of Aviation Commissioners entered into a Fixed Base Operators Ground Lease Agreement with Nick Jankovich and Paul Jankovich, d/b/a Calumet Aviation Company. The lease allowed the Jankovich firm to construct facilities to conduct a commercial aviation business. Another agreement between the parties provided for the construction and operation of a bulk fuel tank for the servicing of airplanes.

About fifteen years later, on June 9, 1965, these two leases were assigned to U.S. Aircraft with the City's approval. Simultaneously, U.S. Aircraft obtained from the Jankovichs, pursuant to a contract for sale, all of the buildings, fixtures and equipment used in the previous business, to be paid for in 120 monthly installments of $3,125 each. After several years a new bulk fuel agreement was negotiated with the City which had the effect of dissolving the second of the Jankovich assignments. Thereafter, U.S. Aircraft apparently sublet to several other operators until 1972 when it began to manage the facilities itself. Under its management business marginally improved to the extent that all obligations were generally being met. Only those accounts disputed herein became unpaid.

On October 15, 1974, the Jankovichs brought this action against U.S. Aircraft alleging that its contract of sale had been breached and that appellants were in arrears in their payments. During the course of the proceedings Jankovichs filed a petition for the immediate possession of the property which had been the subject of the sales contract. Upon the posting of a $300,000 bond the petition was granted and the Jankovichs took constructive possession of the equipment used at the airport.

Thereafter, on June 16, 1975, the City filed its motion to intervene with its prayer for ejectment of the Jankovichs and U.S. Aircraft. The City claimed damages from U.S. Aircraft

for amounts owing for rent and for sales from the bulk storage tank. The City further requested the appointment of a receiver to perform the duties contemplated by the two lease agreements asserting its interest in the continued operation of the Gary Municipal Airport as justification.

Appellant first contends that the granting of the intervenor's request for the appointment of a receiver requires our consideration of the propriety of the intervention since the former is ancillary to the latter. Further it is argued that if an intervenor can appeal an interlocutory order denying its petition to intervene then a defendant should have the right to appeal the order allowing the intervention. For support appellant relies on *Weldon et al. v. State* (1972), 258 Ind. 143, 279 N.E.2d 554.

While it is true that a third party's right to intervene may stem in part from the same interest upon which it could eventually secure a receiver, the question so raised in light of other factors is not the same for purposes of its appealability. Indeed, as a threshold question it is clear that the granting of a motion to intervene involves an interlocutory order from which no appeal would lie. Ind. Rules of Procedure, Appellate Rule 4(B), precludes such review until a final judgment has been rendered in the case. Appellant's attempt to draw support from *Weldon* is inappropriate since the denial of the intervenor's petition in that case was a final judgment as to his interest in the litigation. The record herein discloses an order made before final hearing on the merits which requires the consideration of a new interest but which does not determine the outcome of any of the parties to the controversy. It is only when the issue in question is put to rest that the order becomes final and appealable absent specific enumeration in Appellate Rule 4(B), *supra*. *Richards v. Crown Point Comm. Sch. Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5.

A trial court's determination upon a motion to intervene must be challenged by appeal from the final judgment or order in the cause. Ind. Rules of Procedure, Trial Rule 24(C). Therefore, it is inappropriate to consider at this stage whether the City should have been allowed to intervene as a third party to the litigation herein.

Appellant's second assertion is that the appointment of a receiver over its business was contrary to law being unsupported by the evidence and beyond the jurisdiction of the trial court. Applying the criteria announced in *Lafayette Realty Corporation et al.* v. *Moller et al.* (1966), 247 Ind. 433, 215 N.E.2d 859, U.S. Aircraft argues that no emergency was shown to have existed requiring that the management had to be replaced, no irreparable damage and injury would have resulted absent the appointment and less drastic and more adequate remedies were otherwise available.

Since the authority to appoint a receiver is statutory, it cannot be sustained unless proper grounds therefor are sufficiently shown. IC 1971, 34-1-12-1 (Burns Code Ed.).[1] *See, State ex rel. Makar* v. *St. Joseph Cir. Ct.* (1962), 242 Ind. 339, 179 N.E.2d 285. However where, as here, the fundamental issues before the trial court involve numerous considerations of fact this court cannot abandon its role and attempt to weigh conflicting evidence or assess the credibility of witnesses. Consequently when a business is in imminent danger of insolvency the appointment of a receiver is considered to be in the sound discretion of the trial court. *Indianapolis Brewing Co.* v. *Bingham* (1948), 226 Ind. 137,

---

1. IC 1971, 34-1-12-1 (Burns Code Ed.), provides, in pertinent part:
   "When appointed.—A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases:

   \*  \*  \*  \*  \*

   "Third. In all actions when it is shown that the property, fund or rent, and profits in controversy, is in danger of being lost, removed or materially injured.

   \*  \*  \*  \*  \*

   "Seventh. And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

78 N.E.2d 432; *Indianapolis Dairymen's Co-op* v. *Bottema* (1948), 226 Ind. 237, 79 N.5.2d 399.

In this context it should be noted that the conditional sales contract upon which the Jankovichs made their claim incorporates by reference the ground lease agreement between the City and U.S. Aircraft. Since the City has an interest in receiving revenue derived from its licenses and contracts which allow for the operation of the airport the City has a legal interest in the disposition of the property which would affect those revenues. *Steele* v. *Aspy, Administrator* (1891), 128 Ind. 367, 27 N.E. 739. Furthermore, the evidence most favorable to the appellees reveals that payments had not been made on the ground lease since 1972 and that maintenance of the airport facilities by the City had suffered accordingly.

These interests alone however do not justify the appointment of a receiver. *See, Lafayette Realty Corp. et al.* v. *Moller, et al., supra.* Rather, it is that without the receiver the foreclosure and repossession of substantially all of the business assets of U.S. Aircraft would curtail operation of the Gary Municipal Airport. The equipment in question, already in the constructive possession of another, provides the means for continued services to the present users. Clearly an emergency exists in which irreparable damage would be done to the viable existence of the airport if no receiver were appointed.

Assuming, as argued, that U.S. Aircraft could perform limited operations in the single hangar, not subject to the Jankovich repossession, such activities by themselves would not continue the present service as contemplated by the lease agreement. Moreover, appellant would have no impetus to regain the business so lost. The only way that the City can protect its interests and insure the functions of the fixed base operator during the present litigation is through the appointment of a receiver. Under such circumstances where there is no full and adequate remedy at law whereby justice between the parties can be affected,

and where special circumstances have been shown which justified the appointment of a receiver then it is clear that the trial court neither abused its discretion nor committed reversible error in granting the petition. *Ziffrin* v. *Ziffrin* (1962), 242 Ind. 351, 179 N.E.2d 276; *Ratcliff* v. *Ratcliff* (1942), 219 Ind. 429, 39 N.E.2d 435.

The appointment of a receiver pendente lite was a proper method for preserving the interests of those concerned in the continued operation of the Gary Municipal Airport during the present litigation.

The judgment of the trial court is affirmed.

Garrard, J., concurs; Lowdermilk, J., participating by designation, concurs.

NOTE.—Reported at 365 N.E.2d 783.